STATE OF NORTH DAKOTA, Respondent, v. HANS E. FREDERICKSON, Appellant.

(230 N. W. 733.)

Opinion filed May 2, 1930.

*John J. Murphy* and *F. F. Wyckoff,* for appellant.

*James Morris,* Attorney General, *Arthur J. Gronna,* State's Attorney, and *Walter O. Burk,* Assistant State's Attorney, for respondent.

BURKE, Ch. J.   At the July, 1929 term of court in the county of Williams, the defendant was convicted of the crime of receiving stolen property exceeding twenty dollars in value.   There was a motion for a new trial and from the order denying a new trial, and the final judgment entered on the verdict of the jury the defendant appeals.   It is the contention of the defendant that there is no evidence showing that

500

the defendant knew that the property purchased and received by him was stolen.

It is admitted that sometime during the day on the 11th day of June, 1929, Harry Eustis and Robert Northrop butchered and took from the pasture of one Albert Franek, near White Earth, N. D. one calf and one yearling bull calf, the property of the said Albert Franek; that the meat was taken from the said pasture by the said Harry Eustis and Robert Northrop in a Ford truck belonging to the said Harry Eustis; that on the morning of the next day the 12th of June, 1929, at about six o'clock in the morning the defendant purchased a calf and a yearling bull calf, which is admitted to be the calf and yearling bull killed and taken from the pasture of Albert Franek on the 11th, the day before. On the 13th of June, Earl Gordon, deputy sheriff of Williams county, at 1:30 in the afternoon went into the defendant's meat market, with deputy sheriff Gardner from Stanley, and found the meat in the ice box.

On June 13th, that is, the next day after the defendant purchased the meat, he is questioned in the state's attorney's office, about the purchase of the meat, and of whom, and when he purchased it, and he said, he bought it of some fellows early in the morning of June 11th, 1929, about six o'clock in the morning. He was asked, if it was not on June 12th, and he said, "no sir." He was asked to give a description of the men who sold him the meat, and he said, "They were tall, dark men and wore caps." He testified at the trial that early on the morning of the 12th of June his man, who opened the store, awakened him about six o'clock in the morning, and told him that there were two persons there who wanted to sell him some meat; that he got up and looked at the meat and purchased it. The two men were strangers to him. He never saw them before, nor since, and no other witness, except the members of his household, and his man, testified that they ever saw anyone answering the description as given by the defendant and his witnesses, and they testified that they only saw them on that one occasion. The defendant admits that he asked no questions of the men, did not ask them who they were, where they got the meat, or whose meat it was; that the meat was very dirty, covered with sand and grass and somewhat discolored. It does not seem possible, that the defendant on the day following the purchase of this meat and after it was discovered as

stolen meat, although not positively identified at that time, that he could have forgotten that it was on the morning of the day before that he purchased it, and not on the morning of the 11th, as he claimed. Of course, if it was the morning of the 11th at six o'clock, it couldn't have been the meat of the two animals butchered in the pasture away down near White Earth sometime on the 11th, and the defendant would not only be not guilty, but would save the meat, and there was a strong motive for making a false statement. The circumstance of buying the meat of two strangers without asking any questions, and that the strangers were never seen before or after, taken together with the undisputed testimony that the Ford truck belonging to Harry Eustis was in the alley behind the defendant's meat market that morning, and the testimony of the defendant, that the meat was brought to him in either a Ford or a Chevrolet truck, and to the best of his judgment it was a Ford truck, are all suspicious circumstances from which the jury might well conclude that the defendant knew that he was buying stolen meat. There was sufficient evidence to take the case to the jury, and their verdict is conclusive.

The order denying the motion for a new trial and the judgment and sentence of the court are affirmed.

CHRISTIANSON, BIRDZELL, NUESSLE, and BURR, JJ., concur.